IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-077-JJF |
| BBA NONWOVENS SIMPSONVILLE INC. and REEMAY INC., | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

In accordance with the Federal Rules of Civil Procedure and the Local Rules, Defendants BBA Nonwovens Simpsonville Inc. and Reemay Inc. (collectively "BBA") hereby respond to the Complaint filed by Plaintiff Baldwin Graphic Systems, Inc. ("Baldwin") as follows and demand a trial by jury on all issues so triable.

**JURISDICTION AND VENUE**

1. BBA admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) and that venue is proper with respect to the Plaintiff's allegations against BBA pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). No response is required to the remainder of the averment stated in paragraph 1 because it purports to state a conclusion of law. To the extent a response is required, BBA denies the averment.

**PARTIES**

2. BBA lacks sufficient knowledge or information to determine the truth or accuracy of the averment and on that basis denies it.

3. BBA admits that BBA Nonwovens Simpsonville Inc. is a Delaware corporation.

BBA denies the remainder of the averment stated in paragraph 3.

4. BBA lacks sufficient knowledge or information to determine the truth or accuracy of the averment and on that basis denies it.

## COUNT I

5. BBA incorporates by reference its responses to the paragraphs referenced in this averment.

6. BBA admits that what appears to be a true and correct copy of United States Patent No. Re 35,976 entitled "Pre-Packaged, Pre-Soaked Cleaning System And Method For Making The Same" was attached as Exhibit A to the Complaint, but BBA lacks sufficient knowledge or information to determine the truth or accuracy of the remainder of the averment and on that basis denies it.

7. BBA lacks sufficient knowledge or information to determine the truth or accuracy of the averment and on that basis denies it.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. No response is required to the averment stated in paragraph 12 because it purports to state a conclusion of law. To the extent a response is required, BBA denies the averment.

13. BBA admits that it had knowledge of the Re 35,976 patent since at least as early as on or about July 1, 2005. BBA denies the remainder of the averment.

14. Denied.

## COUNT II

15. BBA incorporates by reference its responses to the paragraphs referenced in this averment.

16. BBA admits that what appears to be a true and correct copy of United States Patent No. 5,974,976 entitled "Cleaning System And Process For Making Same Employing Reduced Air Cleaning Fabric" was attached as Exhibit B to the Complaint, but BBA lacks sufficient knowledge or information to determine the truth or accuracy of the remainder of the averment and on that basis denies it.

17. BBA lacks sufficient knowledge or information to determine the truth or accuracy of the averment and on that basis denies it.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. No response is required to the averment stated in paragraph 22 because it purports to state a conclusion of law. To the extent a response is required, BBA denies the averment.

23. BBA admits that it had knowledge of the 5,974,976 patent since at least as early as on or about July 1, 2005. BBA denies the remainder of the averment.

24. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defenses

25. The Re 35,976 patent is invalid for failing to meet the conditions of patentability set forth in 35 U.S.C., et seq., *inter alia*, §§ 102, 103, and/or 112.

26. The 5,974,976 patent is invalid for failing to meet the conditions of patentability set forth in 35 U.S.C., et seq., *inter alia*, §§ 102, 103, and/or 112.

### Second Affirmative Defenses

27. BBA has not infringed any valid claim of the Re 35,976 patent, and has not otherwise committed any act in violation of 35 U.S.C. § 271, et seq.

28. BBA has not infringed any valid claim of the 5,974,976 patent, and has not otherwise committed any act in violation of 35 U.S.C. § 271, et seq.

### Third Affirmative Defense

29. Baldwin's claims are barred by the doctrine of prosecution history laches.

### Fourth Affirmative Defenses

30. By reason of the proceedings in the United States Patent & Trademark Office, including the prosecution of the applications that resulted in the Re 35,976 patent and related applications, and by reason of the elections, positions, admissions, concessions, representations and statements taken or made by or on behalf of the applicants for such patent, Baldwin is estopped from asserting that the claims of the Re 35,976 patent cover and include any acts, or products made, used, offered for sale, sold, or imported, by BBA.

31. By reason of the proceedings in the United States Patent & Trademark Office, including the prosecution of the applications that resulted in the 5,974,976 patent and related applications, and by reason of the elections, positions, admissions, concessions, representations

and statements taken or made by or on behalf of the applicants for such patent, Baldwin is estopped from asserting that the claims of the 5,974,976 patent cover and include any acts, or products made, used, offered for sale, sold, or imported, by BBA.

### Fifth Affirmative Defense

32.     Baldwin's claims are barred by the doctrines of equitable estoppel, laches, unclean hands and waiver.

### COUNTERCLAIM

For its counterclaim, counterclaimants BBA Nonwovens Simpsonville Inc. and Reemay Inc. (collectively "BBA") allege as follows:

### NATURE OF ACTION

1.      This is a counterclaim seeking a declaratory judgment that United States Patent Nos. Re 35,976 and 5,974,976 are invalid.  Defendant Baldwin Graphic Systems, Inc. ("Baldwin") has claimed to be the owner of United States Patent Nos. Re 35,976 and 5,974,976.

### THE PARTIES

2.      Counterclaim plaintiff, BBA Nonwovens Simpsonville Inc., is a Delaware corporation and counterclaim plaintiff, Reemay Inc., is a South Carolina corporation.

3.      On information and belief, counterclaim defendant, Baldwin, is a Delaware corporation having its principal place of business at 2 Trap Falls Road, Suite 402, Shelton, CT 06484.

### JURISDICTION AND VENUE

4.      This counterclaim arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35, U.S.C.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  Baldwin has submitted itself to the jurisdiction of this Court by the filing of this action.

6.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

7.  An actual controversy exits between BBA and Baldwin concerning the Re 35,976 and 5,974,976 patents, which dispute requires resolution by this Court.  This controversy concerns whether BBA infringes any valid claim of either of the Re 35,976 or 5,974,976 patents. Baldwin filed a complaint in this Court alleging infringement of the Re 35,976 and 5,974,976 patents.

## COUNT I FOR DECLARATORY JUDGMENT
## INVALIDITY OF UNITED STATES PATENT NO. RE 35,976

8.  The Re 35,976 patent is invalid for failing to meet the conditions of patentability set forth in 35 U.S.C., et seq., *inter alia*, §§ 102, 103, and/or 112.

## COUNT II FOR DECLARATORY JUDGMENT
## INVALIDITY OF UNITED STATES PATENT NO. 5,974,976

9.  The 5,974,976 patent is invalid for failing to meet the conditions of patentability set forth in 35 U.S.C., et seq., *inter alia*, §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, BBA prays that this Court:

A.  Adjudge and decree that its accused products have not infringed and do not infringe any valid claim of the Re 35,976 patent;

B.  Adjudge and decree that its accused products have not infringed and do not infringe any valid claim of the 5,974,976 patent;

C.  Adjudge and decree that the Re 35,976 patent is invalid;

D.  Adjudge and decree that the 5,974,976 patent is invalid;

  E.  Adjudge and decree that the Re 35,976 patent is unenforceable;

  F.  Adjudge and decree that the 5,974,976 patent is unenforceable;

  G.  Adjudge and decree that BBA does not owe any monetary damages to BBA;

  H.  Award BBA its costs in this action, including interest;

  I.  Adjudge and decree this case exceptional and award BBA its attorneys fees under 35 U.S.C. § 285;

  J.  Award BBA such further necessary and proper relief as this Court may deem just and reasonable.

## JURY DEMAND

BBA demands trial by jury on all issues triable of right by a jury.

Date: April 4, 2006

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ, LLP

/s/ Kevin M. Baird
Kevin M. Baird (#4219)
James M. Lennon (#4570)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Telephone: 302-252-4234
Facsimile: 302-255-4311
kbaird@cblh.com

Of Counsel:

Michael E. Zeliger, Esq.
Christopher Centurelli, Esq.
R. Jan Pirozzolo-Mellowes, Esq.
KIRKPATRICK & LOCKHART
 NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone: (617) 261-3100

## CERTIFICATE OF SERVICE

I, Kevin M. Baird, Esq. hereby certify that on April 4, 2006, copies of the foregoing document were caused to be served upon the following:

**BY ELECTRONIC FILING AND HAND DELIVERY**

>Jack Blumenfeld, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899

/s/ Kevin M. Baird
Kevin M. Baird (# 4219)