# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

June 5, 2006

**BY ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

      Re:    *Baldwin Graphic Systems v. BBA Nonwovens*, C.A. No. 06-77 (JJF)

Dear Judge Farnan:

      The parties have been unable to agree upon a scheduling order. Attached as Exhibit A is the scheduling order proposed by the Plaintiff, and Exhibit B is the order proposed by the Defendants. The parties agree on the sequence and time intervals, but the dates proposed are three months apart. That is because the Defendants propose to put the case on hold for three months while they seek reexamination of the patents-in-suit. As the Defendants note in their proposed order, if the PTO grants their request, they will then move to stay this action.

Respectfully,

Jack B. Blumenfeld

JBB/bls
Enclosures

cc:    Peter T. Dalleo, Clerk (By Hand)
         Francis DiGiovanni, Esquire (By Hand)
         Michael E. Zeliger, Esquire (By Fax)
         Keith J. McWha, Esquire (By Fax)

523327

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BBA NONWOVENS SIMPSONVILLE INC., ) <br> and REEMAY INC. ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 06-77 (JJF) |

**PLAINTIFF'S PROPOSED RULE 16 SCHEDULING ORDER**

Plaintiff submits this proposed Rule 16 Scheduling Order for the Court's consideration. Counsel for the parties have had several conversations concerning a schedule but have not been able to reach agreement on the dates. In particular, defendants want to postpone the start of this action by three months in order to file a request for reexamination, and allow the PTO to consider granting that request. Defendants also intend to move to stay this action based on any granted reexamination request. Plaintiff believes that the amount of time provided in its proposed schedule is reasonable. Any delays to await a decision from the PTO on reexamination would be prejudicial to the plaintiff. It would result in the plaintiff incurring additional costs, and at least an additional period of injury due to sale of infringing products.

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by June 23, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties**. All motions to join other parties shall be filed on or before September 15, 2006.

3. **Discovery**.

(a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by October 13, 2006.

(b) Maximum of 25 interrogatories, including contention interrogatories, for each side.

(c) Maximum of 50 requests for admission by each side.

(d) Maximum of 12 depositions by plaintiff(s) and 12 by defendant(s), excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3(a, b and c) is completed.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof on an issue by February 28, 2007, with rebuttal reports due March 30, 2007.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than April 30, 2007, unless otherwise agreed in writing by the parties or ordered by the Court.

4. **Discovery Disputes**.

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b)     All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)     Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d)     Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)     There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.  **Amendment of the Pleadings**.  All motions to amend the pleadings shall be filed on or before September 15, 2006.

6.  **Case Dispositive Motions**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before July 15, 2007.  Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.  **Markman**.  A Markman Hearing will be held on May 30, 2007.  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

8.  **Applications by Motion**.

(a)     Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995).  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of

3

the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b)  No facsimile transmissions will be accepted.

    (c)  No telephone calls shall be made to Chambers.

    (d)  Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

    9.  **Pretrial Conference and Trial**. After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

    The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____      _____
DATE                      UNITED STATES DISTRICT JUDGE

523321

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-77 (JJF) |
| | ) |
| BBA NONWOVENS SIMPSONVILLE INC. | ) |
| and REEMAY INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' PROPOSED RULE 16 SCHEDULING ORDER

Defendants, BBA Nonwovens Simpsonville Inc. and Reemay Inc., wish to advise the Court that very shortly they will file with the United States Patent and Trademark Office ("PTO") a request to reexamine the patents in suit. Defendants agree with the sequence and time intervals proposed by Plaintiff to Defendants.[1] However, Defendants request that the entire schedule be moved by three months.[2] If the PTO agrees to reexamine one or both of the patents, Defendants will promptly move to stay this action pending the resolution of the reexamination(s).

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

---

[1] Defendants have made one addition to the dates proposed by Plaintiff, namely, the inclusion of a date by which depositions of all fact witnesses must be noticed and completed.

[2] The PTO is required to rule on a request for reexamination within three months of the date upon which the request is made.

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 22, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties**. All motions to join other parties shall be filed on or before December 15, 2006.

3. **Discovery**.

   (a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by January 12, 2007.

   (b) Maximum of 25 interrogatories, including contention interrogatories, for each side.

   (c) Maximum of 50 requests for admission by each side.

   (d) Maximum of 12 depositions by plaintiff(s) and 12 by defendant(s), excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3(a, b and c) is completed. Depositions of all fact witnesses shall be noticed and completed no later than February 16, 2007.

   (e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof on an issue by May 30, 2007, with rebuttal reports due June 29, 2007.

   (f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than July 30, 2007, unless otherwise agreed in writing by the parties or ordered by the Court.

    4.    **Discovery Disputes**.

    (a)    A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

    (b)    All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

    (c)    Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

    (d)    Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

    (e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

    5.    **Amendment of the Pleadings**.  All motions to amend the pleadings shall be filed on or before December 15, 2006.

    6.    **Case Dispositive Motions**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before October 15, 2007.  Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

       7.      **Markman**.  A Markman Hearing will be held on August 30, 2007. Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing. The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

       8.      **Applications by Motion**.

       (a)      Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995).  Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

       (b)      No facsimile transmissions will be accepted.

       (c)      No telephone calls shall be made to Chambers.

       (d)      Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.

       9.      **Pretrial Conference and Trial**.  After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

      The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference.  If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

| | |
|---|---|
| DATE | UNITED STATES DISTRICT JUDGE |