IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-077-JJF |
| | ) | |
| FIBERWEB SIMPSONVILLE, INC., | ) | |
| and FIBERWEB, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c), Fed. R. Civ. P., the parties, Baldwin Graphic Systems, Inc. ("Baldwin") and Fiberweb Simpsonville, Inc. and Fiberweb, Inc. (collectively "Fiberweb"), through their respective counsel, hereby stipulate to the following Protective Order for the use and handling of materials containing trade secrets and other confidential research, development and commercial information.

### **1.      Scope of Protection**

1.1      This Protective Order governs any record of information, designated pursuant to ¶ 2 of this Protective Order, produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other Discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of Discovery.

1.2     This Protective Order also governs any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

1.3     This Protective Order applies to the parties and any nonparty from whom Discovery may be sought, who desires the protection of this Order.

## 2.     Designation

2.1     Any person or entity (the "Producing Party") producing materials in Discovery in this action ("Produced Material") may designate as "CONFIDENTIAL Material" pursuant to this Order any Produced Material, that the Producing Party in good faith considers to be, reflect or reveal a trade secret or other confidential research, development or commercial information in accordance with Fed. R. Civ. P. 26(c)(7), or other information required by law or agreement to be kept confidential. All such designated material, including copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "CONFIDENTIAL Material". The parties will use reasonable care to avoid designating any documents or information CONFIDENTIAL that are generally available to the public.

2.2     A Producing Party may designate as "HIGHLY CONFIDENTIAL Material" pursuant to this Order, Produced Material of a highly sensitive nature, including, but not limited to the following categories:

a) financial data, including, but not limited to, information regarding costs, margins, profitability and expenses with respect to any product or feature;

b) information concerning future market plans or market directions for existing or new products, including but not limited to, competitive analysis;

c) material disclosing information concerning products not yet publicly available or announced;

d)  particularly sensitive research, development or commercial information; and

d) images of and/or information regarding the parties' production facilities or plants e.g.., Baldwin's Lenexa Kansas Plant.

The term "HIGHLY CONFIDENTIAL Material", as used herein, refers to all material designated "HIGHLY CONFIDENTIAL" and all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom.

2.3    The designation of information as "CONFIDENTIAL OR HIGHLY CONFIDENTIAL Material" shall be made in the following manner:

(a)    with regard to written material (excluding transcripts of depositions or other pretrial testimony), a LEGEND shall be affixed to each page substantially in the form, "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**";

(b)    with regard to non-written material, such as recordings, magnetic media, photographs and things, a LEGEND substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner; and

(c)    each transcript volume (and related machine readable media, if any) of each deposition and any other pretrial testimony shall be deemed CONFIDENTIAL Material in it entirety, except (1) for material expressly designated HIGHLY CONFIDENTIAL either on the record or by letter within 14 days after receipt of the transcript by counsel for the designating party, (2) as otherwise consented to by the Producing Party, or (3)

as ordered by the Court. An appropriate LEGEND substantially in the form above shall be affixed to each page of each such transcript volume;

2.4    Materials described in sub¶s 2.3(a) and (b) made available by a Producing Party to another party for inspection without CONFIDENTIALITY LEGENDS shall be deemed to be HIGHLY CONFIDENTIAL Material until copies are provided;

2.5    To the extent either party has, prior to the date this Order is entered, produced to the other side, materials the Producing Party has marked with <u>any</u> confidentiality designation, all such materials shall be considered to have been designated under this Order as produced by the designating Party, unless otherwise agreed by the Parties. Additionally, materials produced by the parties without designation, prior to entry of this Order shall be treated as CONFIDENTIAL. The status of these documents may be changed by agreement of the parties if requested by the Producing Party on a document by document basis.

### 3.    Disclosure And Use Of Confidential Material

3.1    Except as provided in sub¶ 3.4, CONFIDENTIAL and HIGHLY CONFIDENTIAL Material, and all copies, excerpts and summaries thereof and material containing information derived therefrom, shall be used solely for purposes of this litigation and not be used for any other purpose, including, without limitation, any business or commercial purpose.

3.2    CONFIDENTIAL Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part, only in accordance with the terms of this Order, and only to the following persons:

(a)    outside counsel for the parties in this action: (i) Morris, Nichols, Arsht &Tunnell LLP; (ii) Morgan & Finnegan LLP; (iii) Connolly, Bove, Lodge &

Hutz, LLP; and (iv) Kirkpatrick & Lockhart Preston Gates Ellis LLP, and regular and temporary employees of such counsel to the extent necessary to assist counsel in the conduct of this litigation;

        (b)     in-house counsel for the parties in this action, and regular and temporary litigation support personnel to the extent necessary to assist such counsel in the conduct of this litigation;

        (c)     independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of this litigation who are agreed upon by the parties pursuant to ¶ 5, who are not employees or otherwise affiliated with either of the parties (except persons scheduled to be deposed by either of the parties pursuant to Rule 30(b)(6), Fed.R.Civ.P.), and who first agree to be bound by the terms of this Protective Order;

        (d)     witnesses or potential witnesses in this action (other than employees of the parties), and their counsel, provided that the document or non-written material was authored by, created by, received by or is otherwise established to have been known to the witness or potential witness;

        (e)     the Court and its employees and the jury, if any;

        (f)     court reporters;

        (g)     photocopy services;

        (h)     graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action;

        (i)     jury or trial consultants;

        (j)     document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases; and

(k)    others as to whom the Producing Party has given written consent.

3.3    HIGHLY CONFIDENTIAL Material may be disclosed, summarized and described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(a)    outside counsel for the parties in this action: (i) Morris, Nichols, Arsht & Tunnell LLP; (ii) Morgan & Finnegan LLP; (iii) Connolly, Bove, Lodge & Hutz, LLP; and (iv) Kirkpatrick & Lockhart Preston Gates Ellis LLP, and regular and temporary employees of such counsel to the extent necessary to assist counsel in the conduct of this litigation;

(b)    independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of this litigation who are agreed upon by the parties pursuant to ¶ 5, who are not employees or otherwise affiliated with either of the parties (except persons scheduled to be deposed by either of the parties pursuant to Rule 30(b)(6), Fed.R.Civ.P.), and who first agree to be bound by the terms of this Protective Order;

(c)    witnesses or potential witnesses in this action (other than employees of the parties), and their counsel, provided that the document or non-written material was authored by, created by, received by or is otherwise established to have been known to the witness or potential witness;

(d)    the Court and its employees and the jury, if any;

(e)    court reporters;

(f)    photocopy services;

(g)    graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action;

(h)    non-technical jury or trial consultants;

(i)    document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases; and

(j)    others as to whom the Producing Party has given written consent.

3.4    This Order shall NOT apply to:

(a)    a Producing Party's use of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL Material for any purpose; or

(b)    use of documents or other information developed or obtained independently of discovery in this action for any purpose.

3.5    This Order shall not restrict an attorney who is a qualified recipient under the terms of sub¶s 3.2 or 3.3, from rendering advice to his or her client with respect to this action. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly, the specific content of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material of another person or party, where such disclosure would not otherwise be permitted under the terms of this Order, except by prior written consent from counsel for the producing party.

**4.    Redaction**

4.1    Counsel for party producing documents may mask ("redact") material deemed exempt from discovery because it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed.R.Civ.P.

However, any document from which material is masked must identify in the masked area that masking or redaction has occurred. The reason for any such masking must be stated on a log to be provided at an agreed upon date or within thirty (30) days after the production of the documents.  Sufficient information regarding the masked material must be provided to the other party to enable it to evaluate the legitimacy of the asserted privilege or immunity.  The parties reserve the right to pursue categories for redaction in addition to those identified above, by either consent of the parties or order of the Court, to be addressed on a case-by case basis.

### 5.    Notification of Intent to Disclose and Objections

5.1    Before a party may disclose, information designated by any other party as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, to (a) independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of this litigation, who are not employees or otherwise affiliated with either of the parties (except persons scheduled to be deposed by either of the parties pursuant to Rule 30(b)(6), Fed.R.Civ.P.), or (b) witnesses or potential witnesses in this action (other than employees of the parties), and their counsel, provided that the document or non-written material was authored by, created by, received by or is otherwise established to have been known to the witness or potential witness; that party shall, at least 10 business days prior to such disclosure, notify the Producing Party in writing, of its intent to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Material. Notification shall include the name, current address and employment affiliation (including job title, if any) of the person to whom such disclosure is proposed. The notification shall also include a copy of the signed acknowledgement made in conformance with ¶ 6 of this Order. Lastly, with respect to independent experts and consultants and their staff, notification shall include a current resume or curriculum vitae.

5.2     The notification and signed acknowledgement shall be delivered by hand or by facsimile transmission with confirmation by overnight courier. Notification to Baldwin shall be delivered to: Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, P.O. Box 1347, Wilmington, DE 19899-1347. Notification to Fiberweb shall be delivered to: Francis DiGiovanni, Connolly, Bove, Lodge & Hutz, LLP, The Nemours Building, 1007 N. Orange Street, Wilmington, DE 19801.

5.3     A Producing Party receiving a notification of intent to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Material may object to the proposed disclosure by giving written notice of such objection to the party seeking to make the disclosure. Notice shall be delivered in accordance with sub¶ 5.2 above within 10 business days of receipt of the notification of intent to disclose, to which objection is made. If an objection is made, the proposed disclosure shall not take place until the objection is resolved by the parties or the Court. Failure to object within the time period set forth above shall be deemed a consent.  If the objection cannot be resolved by the parties, either party may seek relief from the Court but the party making the objection shall have the burden of proof that the intended disclosure should not occur.

**6**.     **Notice And Acknowledgment Of Order**

6.1     Every person to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part first shall be advised that the material is being disclosed pursuant and subject to the terms of this Protective Order.

6.2     Furthermore, all persons listed in sub¶ 5.1 to whom disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Material is intended shall confirm their

understanding and agreement to abide by the terms of this Protective Order, by signing a copy of the acknowledgement attached as Exhibit A.

### 7.     Related Documents

7.1     Information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include (a) all documents, copies, extracts, and complete or partial summaries prepared from or containing this information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries.; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with ¶ 2; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with ¶ 2.

### 8.     Examination Of Witnesses

8.1     CONFIDENTIAL or HIGHLY CONFIDENTIAL Material produced by a party may be disclosed to any current officer, employee or expert witness of that party. Any current officer, employee or expert witness of a party may be examined at trial or upon deposition concerning any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material produced by that party.

8.2     CONFIDENTIAL or HIGHLY CONFIDENTIAL Material produced by a party may be disclosed to any other person which the document clearly identifies as an author, addressee, or carbon copy recipient and this person may be examined as a witness at trial or upon deposition concerning any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material which that person had lawfully generated, received or that was communicated to that witness prior to and apart from this litigation.  During examination or preparation, any such

-10-

witness may be shown CONFIDENTIAL or HIGHLY CONFIDENTIAL Material that appears on its face or from other documents or testimony to have been generated or received by that witness or communicated to that witness.

**9.     Inadvertent Production Of Privileged Or Confidential Material**

9.1     If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege, protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production, that the Producing Party or other person otherwise would be entitled. If a written claim of inadvertent production is made pursuant to this paragraph, with respect to information then in the custody of another party, upon receipt of such written notice, such party promptly shall return to the claiming party or person that material and all copies or reproductions thereof that the receiving party is aware of. The party returning this material may subsequently move the Court for an Order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production nor shall it disclose the substance of the inadvertently produced material.

9.2     Inadvertent failure to designate any material that a Producing Party claims should be CONFIDENTIAL or HIGHLY CONFIDENTIAL Material will not be deemed a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made, shall upon written request by the Producing Party, treat such material as CONFIDENTIAL or HIGHLY CONFIDENTIAL Material in accordance with this Order. Upon receipt of this written notice, the party who received the previously undesignated

CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall make all reasonable efforts under the circumstances (a) to retrieve all such material disclosed to persons other than those authorized in accordance with ¶ 3 hereof for access to such information, (b) to affix appropriate LEGENDS to the CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, as provided in ¶ 2 hereof, and (c) to prevent further use or disclosure of the information contained in the previously undesignated CONFIDENTIAL or HIGHLY CONFIDENTIAL Material by persons other than those authorized in accordance with ¶ 3 hereof for access to such information

       9.3    If, after conferring on Inadvertent Production or Failure to Designate issues, the parties are unable to reach a satisfactory agreement within ten (10) business days of receipt of the request to return, destroy or designate these documents, the producing party may move the Court regarding the matter within ten (10) business days after conferring.

       9.4    The non-producing party shall not disclose the document for which the belated claim of immunity, privilege, or CONFIDENTIALITY is being made to any person, other than those persons who have had it in their possession, prior to receipt of notification from the producing party, until the expiration of the period for filing a motion with the Court identified in sub¶ 9.3 or, if a motion is submitted, until disposition of that motion. Upon being notified by the producing party pursuant to ¶ 9, counsel for the non-producing party shall use his or her best efforts to retrieve all copies of the documents at issue.

## 10.    Designation Of Documents Under Seal

       10.1    Any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, if filed with the Court, shall be filed under seal and made available only to the Court and persons authorized by the terms of this Protective Order. The party filing any paper which reflects, contains or includes any CONFIDENTIAL or HIGHLY CONFIDENTIAL

information subject to this Protective Order shall file these paper in a sealed envelope or

container, which indicates the caption of the case, including the case number and title, the name

of the filing party, a description of the filing's content, and a statement substantially similar to

the following:

> **[HIGHLY] CONFIDENTIAL INFORMATION-SUBJECT
> TO COURT ORDER THIS ENVELOPE OR CONTAINER
> SHALL NOT BE OPENED NOR THE CONTENTS
> DISPLAYED , COPIED OR REVEALED EXCEPT BY
> COURT ORDER OR TO A QUALIFIED RECIPIENT OR
> BY WRITTEN CONSENT OF THE PARTIES**

All such filed CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be

maintained by the Clerk under seal. Also a second copy of any CONFIDENTIAL or HIGHLY

CONFIDENTIAL material filed with the Clerk may be delivered to the Court to bring the

Court's attention to matters requiring immediate action.

### 11.    Other Protections

11.1    No CONFIDENTIAL or HIGHLY CONFIDENTIAL information

may be disclosed to attorneys or technical specialists employed by the law firms that are counsel

of record in this action who are currently involved in the preparation or prosecution, in the

United States Patent and Trademark Office or in the patent office of any foreign country, of

patent applications on behalf of any Party to this action.  Further, attorneys and technical

specialists who receive CONFIDENTIAL or HIGHLY CONFIDENTIAL information, shall not,

for a period of two (2) years following the final resolution, including appeals, of this action, be

involved in the preparation or prosecution, in the United States Patent and Trademark Office or

in the patent office of any foreign country, of patent applications on behalf of any Party to this

action, nor shall they participate in any re-examination proceeding regarding the patents in suit.

11.2    Any party may mark any document or thing containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information as an exhibit to a deposition, hearing or other proceeding and examine any witness thereon qualified under the terms of this Protective Order to have access to such designated material.

**12.    Challenge To Confidentiality**

12.1    At any time during the pendency of this action, any party objecting to the designation of any Produced Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Produced Material in question shall be treated as originally designated pursuant to this Order. The Producing Party shall have the burden of proof that good cause exists for the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL Material.

12.2    The parties are not obliged to challenge the designation of any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

12.3    If a party seeks declassification or removal of particular items from a designation on the ground that this designation is not necessary to protect the interests of the party wishing the information so-designated, the following procedure shall be utilized:

(a)    the party seeking such declassification or removal shall give counsel of record for the other party written notice thereof by facsimile, with confirmation by mail or personal delivery, specifying the designated information as to which removal is sought and the reasons for the request; and

-14-

(b)     If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after delivery and receipt of notice, then the party requesting the declassification or removal of particular items may file and serve a motion for a further Order of this Court directing that the designation be removed.

### 13.     Maintenance Of Confidential Material

13.1     Except as specified in sub¶ 13.2 below, all CONFIDENTIAL and HIGHLY CONFIDENTIAL Material shall be maintained at all times in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have access pursuant to this Order.

13.2     Notwithstanding sub¶ 13.1 above, CONFIDENTIAL and HIGHLY CONFIDENTIAL Material may be (a) submitted to the Court pursuant to Paragraph 10 , (b) used as exhibits at trial in this action, (c) submitted to court reporters as deposition exhibits in this action, and (d) temporarily removed from the facilities identified above for the purposes of conducting depositions, preparation of witnesses for depositions and witness interviews as permitted by this Order, consultation with experts or consultants, photocopying, imaging and database preparation, and hearings, conferences and trial of this action in this Court and any appeals of this action.  Reasonable precautions shall be taken to ensure that access to CONFIDENTIAL and HIGHLY CONFIDENTIAL Material is restricted to persons entitled to have access pursuant to this Order.

### 14.     Limits Of Order

14.1     Entering into, agreeing to or producing or receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL Material or otherwise complying with the terms of this Order shall not:

-15-

(a)     operate as an admission by any party that any particular CONFIDENTIAL or HIGHLY CONFIDENTIAL Material contains or reflects trade secrets or any other type of confidential information;

(b)     prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any CONFIDENTIAL or HIGHLY CONFIDENTIAL Material;

(c)     prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery;

(d)     prejudice in any way the rights of a party to seek a determination by the Court that particular materials be produced;

(e)     prejudice in any way the rights of a party to apply to the Court for further protective orders;

(f)     apply to information that, prior to disclosure, is public knowledge; or

(g)     apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Protective Order.

### 15     Other Proceedings.

15.1     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who may be subject to a motion to disclose another party's CONFIDENTIAL or HIGHLY

CONFIDENTIAL information pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether such information should be disclosed.

### 16.    Additional Parties and Non-Party Materials

16.1    If an additional party joins or is joined in this litigation, the newly joined party shall not have access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Material until the parties agree to a supplemental Protective Order governing the protection of CONFIDENTIAL and HIGHLY CONFIDENTIAL Material.

16.2    The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information, are applicable to CONFIDENTIAL or HIGHLY CONFIDENTIAL information provided by a non-party. Information provided by a non-party in connection with this action and designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, pursuant to the terms of this Protective Order, shall be protected by the remedies and relief provided by this Protective Order.

### 17.    Attendance At Deposition, Trial, Hearing Or Other Proceeding

17.1    The designating party shall have the right to exclude from a deposition, before the taking of testimony which the designating party designates CONFIDENTIAL or HIGHLY CONFIDENTIAL and subject to this Protective Order, all persons other than those previously qualified to receive such information pursuant to ¶s 3, 5, 6, and 8.

17.2    With respect to testimony elicited during Trial, hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls

for the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, counsel may designate on the record prior to disclosure, that this disclosure is subject to confidentiality restrictions. Whenever matters designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are to be discussed at Trial, in a hearing or other proceeding, any party claiming confidentiality restrictions may ask the Court to have excluded from Trial, a hearing or other proceeding, any person who is not entitled under this Order pursuant to ¶s 3, 5, 6, and 8, to receive information so designated.

### 18.    Duration Of Order, Return Of Confidential Material And Retention By Counsel

18.1    This Order shall continue in effect after the conclusion of this action, except that a receiving party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order.

18.2    Within 45 calendar days after the conclusion of this action in its entirety, all parties and persons having received CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall dispose of all such material either by (a) return to counsel for the Producing Party and certification of return by affidavit, or (b) destruction of these materials in a manner that ensures that they will not be disclosed to or disseminated or recovered by any person and certifying their destruction by affidavit.

18.3    Counsel for the parties (as identified in sub¶s 3.2(a) & 3.3(a)) shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions and at trial, and attorney work product (except for certain litigation databases, as set forth in this subparagraph), including such materials containing, quoting, discussing or analyzing CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, provided that counsel, and its employees, shall not disclose these court papers, deposition and trial transcripts, exhibits or

attorney work product to any person unless after reasonable prior notice to the Producing Party,

the disclosing counsel has obtained permission pursuant to Court Order or by agreement with the

Producing Party. Litigation databases (or portions of databases) containing either the full text of

Confidential or Highly Confidential Material or abstracts thereof shall be disposed of in

accordance with sub¶ 18.2 of this paragraph, except that any portion of any such database

containing materials described in the first sentence of this subparagraph may be retained by

counsel for the parties. The CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials kept by

counsel pursuant to this subparagraph shall be maintained in accordance with the terms of this

Order, including, but not limited to, the restrictions of ¶s 3, 5, 6, 8 and 13.

18.4    "Conclusion of this action" means after all appeal periods have

expired or after the execution of a settlement agreement among all the parties finally disposing of

this action.

**19.    Unauthorized Disclosure**

19.1    In the event of the disclosure of any CONFIDENTIAL or

HIGHLY CONFIDENTIAL Material to any person not authorized for access to this material, the

party responsible for having made the disclosure, and any party with knowledge of the disclosure

shall immediately inform counsel for the party whose CONFIDENTIAL or HIGHLY

CONFIDENTIAL Material has been disclosed of all known relevant information concerning the

nature and circumstances of this disclosure. The responsible party shall also promptly take all

reasonable measures to ensure that no further unauthorized disclosure or use of such information

or materials is made. Each party shall cooperate in good faith in that effort.

## 20.    Termination Of Access

20.1    In the event any person or party ceases to be engaged in the conduct of this litigation, this person's or party's access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Material shall be terminated, and all copies shall be returned or destroyed in accordance with the terms of sub¶s 18.2 and 18.3, except that the return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this litigation.

20.2    The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to CONFIDENTIAL or HIGHLY CONFIDENTIAL Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

## 21.    Waiver Or Termination Of Order

21.1    No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

## 22.    Modification Of Order; Prior Agreements.

22.1    This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

23. **Section Captions.**

23.1    The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the sections' text or substance of the Order.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*
_____
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
   Attorneys for Plaintiff,
   Baldwin Graphic Systems, Inc.


OF COUNSEL:
James W. Gould
Keith J. McWha
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, New York 10281-2101
(212) 415-8700


CONNOLLY BOVE LODGE & HUTZ, LLP

*/s/ Francis DiGiovanni*
_____
Francis DiGiovanni (#3189)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
(302) 888-6316
fdigiovanni@cblh.com
   Attorneys for Defendants, Fiberweb
   Simpsonville, Inc. and Fiberweb, Inc.


OF COUNSEL:
Michael E. Zeliger
Christopher Centurelli
Jackson Ho
KIRKPATRICK & LOCKHART
   PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
(617) 261-3100


**IT IS SO ORDERED:**

Dated: _____


_____
UNITED STATES DISTRICT JUDGE

750783.1

-21-

# EXHIBIT A

### EXHIBIT A TO PROTECTIVE ORDER PURSUANT TO RULE 26(c)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-077-JJF |
| | ) | |
| FIBERWEB SIMPSONVILLE, INC., | ) | |
| and FIBERWEB, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I have read the Protective Order Pursuant To Rule 26(c) entered in this action. I understand its terms and agree to be fully bound by this Order, and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purposes of enforcement of this Order. I further understand that failure to abide fully by the terms of this Order may result in legal action against me, including being held in contempt of court and liability for monetary damages.

EXECUTED this ____ day of ____, 2007.

_____
Name

_____
Affiliation

_____
Business Address

_____