### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-077-JJF |
| ) | |
| FIBERWEB SIMPSONVILLE, INC., ) | |
| and FIBERWEB, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO STAY THIS ACTION

Defendants move to modify the stay order entered July 19th 2007 ("the Order") in this action (D.I. 54). The Order stayed this case pending the decision by the United States Court of Appeals for the Federal Circuit in *Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, 07-1262 (Fed. Cir.). The Court conditioned the Order upon the entry of a parallel stay in *Fiberweb PLC v. Baldwin Graphic Systems, Inc.*, No. HC-07-C (United Kingdom High Court of Justice, Chancery Div.) ("the UK action"). Fiberweb hereby requests that the Court remove this condition because it was for Baldwin's benefit and Baldwin has rejected it.

The Court explained during the hearing on this matter that a parallel stay in the UK action was appropriate because of Baldwin's argument that Fiberweb was "going to gain an advantage because of what you're doing in the United Kingdom." Transcript (Exhibit A hereto), p. 3, lines 15-16. The Court also noted that Baldwin's "argument about business competition [was] compelling." Transcript, p. 4, lines 2-3. Accordingly, this Court asked Fiberweb if it were

willing to stay the UK action.  *See* Transcript, p. 2, lines 18-19; p. 3, lines 18-20; and p. 5, lines 4-6.  Fiberweb agreed, pending client approval.  Transcript p. 11, lines 6-8.

Thereafter, Fiberweb took steps to obtain a stay in the UK action.  On July 24, 2007, Fiberweb's U.K. counsel sent a draft consent order to stay the UK action to Baldwin's U.K. counsel.  *See* Halford-Harrison declaration and Ex. RHH-1.  After almost a month's time, Baldwin rejected Fiberweb's proposal and declined to consent to a stay in the UK action.  *See* Halford-Harrison declaration and Ex. RHH-2.  Fiberweb has, consistent with its representations to this Court, done what it could to effect a stay in the UK action, but Baldwin has frustrated those efforts.  Fiberweb cannot proceed alone in seeking a stay without risking sanctions.  *See* Halford-Harrison declaration (making an application in the U.K. Courts without proper grounds or Baldwin's participation could subject Fiberweb to Rule 11 type sanctions).

The proposed stay in the UK action was solely for the benefit and protection of Baldwin.  Fiberweb has taken all reasonable steps to obtain such.  By constrast, Baldwin has delayed and ultimately rebuked Fiberweb's efforts.  Because Baldwin does not want the stay, and because it was solely for Baldwin's protection, Fiberweb submits that a stay in the UK action should no longer be a prerequisite for staying this action.  Accordingly,  Fiberweb respectfully requests that the this Court grant a stay in this case pending the decision by the United States Court of Appeals for the Federal Circuit in *Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, 07-1262 (Fed. Cir.) without condition.  A proposed form of Order is submitted herewith.

-3-

Date: August 28, 2007                           Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ, LLP**

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Telephone:  302-888-6316
Facsimile:  302-658-5614
fdigiovanni@cblh.com

Of Counsel:

Michael E. Zeliger
Christopher Centurelli
Jackson Ho
**KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone:  (617) 261-3100

-4-

## CERTIFICATE OF CONFERENCE

    I certify that counsel for the defendants conferred by telephone with counsel for plaintiff on Tuesday August 21, 2007, regarding the relief sought in this Motion. Despite these efforts, the parties were unable to resolve the issues presented by this Motion. Accordingly, this Motion is presented to the Court for determination.

                          /s/ Francis DiGiovanni
                          Francis DiGiovanni (#3189)

# EXHIBIT A

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE


BALDWIN,                    )
                            )
         Plaintiff,         )
                            ) C.A. No. 06-077
v.                          )
                            )
FIBERWEB, et al.,           )
                            )
         Defendant.         )

                         Friday, July 13, 2007
                         10:23 a.m.
                         Courtroom 4B



                    844 King Street
                    Wilmington, Delaware

BEFORE:   THE HONORABLE JOSEPH J. FARNAN, JR.
          United States District Court Judge


APPEARANCES:

          MORRIS, NICHOLS, ARSHT & TUNNELL
          BY:   JULIE HEANEY, ESQ.

               -and-

          MORGAN FINNEGAN
          BY:   JAMES GOULD, ESQ.

                         Counsel for the Plaintiff


          CONNOLLY, BOVE, LODGE & HUTZ
          BY:   FRANK DiGIOVANNI, ESQ.

               -and-

          K & L GATES
          BY:   MICHAEL ZELIGER, ESQ.

                         Counsel for the Defendant
```

COPY

                    Hawkins Reporting Service
     715 N. King Street - Wilmington, Delaware  19801
                         302-658-6697

```
 1              THE COURT:  All right.  Baldwin and
 2  Fiberweb.
 3              MR. GOULD:  Good morning, James
 4  Gould of Morgan & Finnegan for plaintiff,
 5  Baldwin.
 6              MS. HEANEY:  And Julie Heaney, Your
 7  Honor.
 8              THE COURT:  Good morning.
 9              MR. Di GIOVANNI:  Your Honor, Frank
10  DiGiovanni from Connolly Bove on behalf of
11  defendants Fiberweb.
12              Michael Zeliger of K & L Gates on
13  behalf of the defendants, Fiberweb.
14              THE COURT:  All right.  Welcome and
15  sit.  You can have a seat.  I'm going to start
16  with the defendant.
17              So you think this case ought to be
18  stayed.  And are you willing to stay the United
19  Kingdom action by your parent, sort of a mutual
20  stay until the Federal Circuit works out the,
21  what is it, Sebert or Seibert case?
22              MR. GOULD:  Seibert case, Your
23  Honor.
24              MR. ZELIGER:  I'm thinking about
```

1  that, Your Honor.  Not something we had
2  contemplated prior to today.  I'm thinking
3  whether I have the authority to do that.
4           I have no objection to do that or
5  recommend it.  So I'll go out on a limb and say
6  yes.
7           THE COURT:  Well, see, the most
8  compelling argument from your friend on the other
9  side is that this is all about competitors.  And
10 they're not too concerned about being hung up on
11 the Illinois claim construction or whatever gets
12 worked out in the Federal Circuit.
13          What they don't like is the fact,
14 and from what I can glean from their papers, is
15 that you're going to gain an advantage because of
16 what you're doing in the United Kingdom.  Because
17 they think your product infringes.
18          But if you stay the United Kingdom
19 action, I'd be more than willing to stay this
20 action.  And we will wait to see what the Federal
21 Circuit does, and we'll have a better background
22 to then move this case along.
23          You can move the United Kingdom case
24 along.  If you don't want to stay the United

```
 1   Kingdom case, then I've got to let them move
 2   along here, because I think their argument about
 3   business competition is compelling.
 4              MR. ZELIGER:  Let me --
 5              THE COURT:  Is your --
 6              MR. ZELIGER:  We'll agree to the
 7   stay if that's what the Court suggests, but I
 8   understood their argument to be a little
 9   different.
10              THE COURT:  No.  No.
11              Let me say this.  I don't like to
12   talk about settlement, and I don't like to talk
13   about stays.  I like to talk about getting to
14   trial.  I like going to trial.
15              MR. ZELIGER:  Mm-hmm.
16              THE COURT:  I'm not encouraging you
17   to stay.  What I'm saying to you is if you don't
18   stay that action, then you're not going to get a
19   stay against them.  You're going to have at each
20   other.
21              They'll have at you here and you'll
22   have at them wherever else you have at them.  But
23   don't think that I'm encouraging you to stay.
24              That's what you've asked for in this
```

```
 1   case, and I'm just saying parity would seem to
 2   me, based on what I perceive, is what I
 3   understand to be their situation competitively
 4   vis-a-vis your client is that for you to get a
 5   stay, you have to agree to a stay, kind of like a
 6   status quo until we see what the Federal Circuit
 7   does.
 8              MR. ZELIGER:  Very well.  I
 9   understand the Court's decision.
10              Let me respond, please.  We
11   understood their argument to be a stay in this
12   case would be unfair, because that would allow
13   activities to continue to occur overseas.
14              Our action overseas is actually akin
15   to a declaration judgment action.  So while we
16   will agree to stay that action, I'm not sure that
17   responds to their concern.
18              Their concern is you will be -- if
19   there's a stay in the present action, you'll be
20   able to continue to manufacture your materials
21   here in the United States for sale overseas.
22              And our response had been litigate
23   overseas if you wish.  If you wish to enforce
24   your intellectual property rights in the U.K.,
```

```
 1    proceed.
 2              So we would be willing to proceed
 3    while this case is stayed.  And I think that
 4    would respond to their concerns.
 5              THE COURT:  If you're manufacturing
 6    here and selling an infringing product over
 7    there, the stay -- I mean, that's a damages
 8    issue.
 9              MR. ZELIGER:  Indeed.
10              THE COURT:  That doesn't really hurt
11    them.
12              MR. ZELIGER:  Indeed.  That's our
13    response.
14              But if they think --
15              THE COURT:  That's what I
16    understood.
17              MR. ZELIGER:  If they think the same
18    products are also covered by their U.K. patents
19    which are unaffected by the Federal Circuit
20    appeal, we're willing to proceed there as well.
21    And if they have enforceable rights in the U.K.
22    that can cut off what they perceive is
23    infringement in the U.K., then we can continue.
24              But we're willing to stay.  We do
```

```
 1    request a stay here for the reasons briefed
 2    because of the efficiencies, but -- and I'll let
 3    Mr. Gould respond, because perhaps -- maybe he
 4    has different thoughts on a mutual stay.
 5              MR. GOULD:  Well, Your Honor, it
 6    should be parallel.  We're involved in
 7    negotiations, in fact, under protective orders on
 8    both sides of the pond, so that counsel in the
 9    U.K. case and counsel in the U.S. will get the
10    benefit of discovery in both.
11              And we'd like to go forward with
12    that.  So especially there it makes no sense to
13    stay here and let the U.K. case go forward.
14    We're trying to make the same thing.
15              The claims may be different, but the
16    facts are the same.  It's the identical product
17    made in the same plant by the same process, same
18    specs.
19              So I would agree, you don't have one
20    or the other.  If they stayed both, I can talk to
21    my clients, but that would make sense.  We'd
22    prefer that they both just go forward.
23              THE COURT:  Well, I understood that,
24    but that you'd rather both go forward?
```

8

1           MR. GOULD: Yes.
2           THE COURT: But I'm dealing with
3   their application.
4           MR. GOULD: Sure. As far as
5   efficiency, Your Honor, I just would point out
6   I've been looking at their case, been doing more
7   checking.
8           Usually when you have this kind of a
9   stay -- they stated the Rambus case, for example.
10  There really wasn't a stay on discovery there,
11  though.
12          It seems to me the best they can
13  argue is the Federal Circuit decision may have an
14  impact on this Court's Markman. It may.
15          Not all the issues, all the claim
16  terms and issues. There probably will be others
17  that we will still have to have a Markman on.
18  But that just means delay a little bit.
19          The Markman ruling, I see no reason
20  to stop the fact discovery going forward with the
21  existing schedule which anticipated fact
22  discovery prior to the Markman in the first
23  place.
24          So that's the only thing that I

1  would agree makes some sense.

2  THE COURT: And the Rambus case with
3  that 2002 stay --

4  MR. GOULD: Yes.

5  THE COURT: -- has swollen beyond
6  control. The stay may have been initially
7  helpful, but if you look at that docket and look
8  at the docket in Virginia and California, and
9  actually it probably didn't help the case much.

10  MR. GOULD: I --

11  THE COURT: I'm a little bit
12  familiar, because somehow I initially inherited
13  the Rambus case. And to complicate my life, I'm
14  having a case sitting in the Federal Circuit.
15  That's one of the cases. One of those cases is
16  on the docket for appeal.

17  So I've really looked at that case,
18  particularly in the context of the stays. You
19  know, hindsight is 20-20. Everybody should have
20  just barreled ahead.

21  MR. GOULD: That would be our view.

22  THE COURT: I understand that, and I
23  don't disagree with that view, again, because I
24  like to get to trial and keep these cases moving.

```
 1              MR. GOULD:  Yes.
 2              THE COURT:  But in this case, I'm
 3   dealing with their application for a stay.
 4              MR. GOULD:  Yes.
 5              THE COURT:  If they want to stay,
 6   they're going to have to stay all the action in
 7   the action in the U.K. with the declaration
 8   judgment.  If they don't do that -- so the order
 9   would be the motion is granted conditioned on
10   entering into a stay in the United Kingdom
11   action.
12              If they choose not to do that, then
13   the application is denied, and we just move
14   ahead.
15              MR. GOULD:  Right.
16              THE COURT: And if they do that, and
17   the stay would only be until the Federal Circuit
18   rules.
19              MR. ZELIGER: That's all we need.
20              MR. GOULD:  Yeah.
21              THE COURT:  That will open both
22   cases up and have at each other.
23              MR. ZELIGER:  That was the limit of
24   our request.
```

```
 1                THE COURT:  Yeah.  That's what I
 2   understood.
 3                Okay.  Any questions about that?
 4                MR. ZELIGER:  Very well.  None,
 5                MR. GOULD:  None.
 6                THE COURT:  You will have to get
 7   client authority, I understand.
 8                MR. ZELIGER:  Yes.
 9                THE COURT:  I'll enter my order that
10   it's conditioned.  If you don't indicate that
11   you're going to stay the United Kingdom action,
12   then the motion is denied.  And then you can just
13   engage each other in continuing discovery.
14                MR. ZELIGER:  Okay, Your Honor.
15   Just request one additional question on one
16   issue.
17                I'm not sure how mechanically that
18   works in the U.K. We may need to come back and
19   explain that, what the circumstances are or what
20   the procedures are associated with seeking a stay
21   in the U.K.  But we will report back that we are
22   willing to or not --
23                THE COURT:  Sure.
24                MR. ZELIGER:  -- very promptly.
```

```
 1              THE COURT:  Today's motion is
 2  granted on the condition of the United Kingdom
 3  stay.  Denied if there's no United Kingdom stay.
 4              If you need to come back to me, I'll
 5  be here.
 6              MR. ZELIGER:  Very well.  Thank you,
 7  Your Honor.
 8              MR. GOULD:  Very clear.  Thank you,
 9  Your Honor.
10              THE COURT:  Thank you.
11              Ms. Heaney or Mr. DiGiovanni, would
12  you submit an order summing up what I have ruled
13  here today, so we get something on the docket
14  that's in writing?
15              MS. HEANEY:  Yes.
16              (Court was recessed at 10:32 a.m.)
17
18
19
20
21
22
23
24
```

13

```
 1   State of Delaware    )
                          )
 2   New Castle County    )

 3

 4

 5                  CERTIFICATE OF REPORTER

 6

 7           I, Heather M. Triozzi, Registered

 8   Professional Reporter, Certified Shorthand

 9   Reporter, and Notary Public, do hereby certify

10   that the foregoing record, Pages 1 to 13

11   inclusive, is a true and accurate transcript of

12   my stenographic notes taken on July 13, 2007, in

13   the above-captioned matter.

14

15           IN WITNESS WHEREOF, I have hereunto

16   set my hand and seal this 16th day of July, 2007,

17   at Wilmington.

18

19

20

21             Heather M. Triozzi, RPR, CSR
                  Cert.  No.  184-PS
22

23

24
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-077-JJF |
| FIBERWEB SIMPSONVILLE, INC.,<br>and FIBERWEB, INC., | ) ) ) ) |
| Defendants. | ) |

### ORDER STAYING CASE

WHEREAS, defendants Fiberweb Simpsonville, Inc. and Fiberweb, Inc. (collectively, "Fiberweb"), moved to stay this case pending the decision by the United States Court of Appeals for the Federal Circuit in *Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, 07-1262 (Fed. Cir.) (D.I. 44), and the parties fully briefed said motion;

WHEREAS, on July 13, 2007, the Court heard argument thereon;

WHEREAS, on July 19, 2007, the Court subsequently entered a stay of this case that was conditioned upon a stay of a related UK action (D.I. 54);

WHEREAS Fiberweb subsequently moved to remove the condition set forth in the original stay, and the Court subsequently heard argument regarding modification of the stay;

IT IS SO ORDERED, this _____ day of _____, 2007, that Fiberweb's second motion to stay is GRANTED, and this case is stayed pending the decision by the United States Court of Appeals for the Federal Circuit in *Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, 07-1262 (Fed. Cir.). Upon issuance of the decision by the Federal Circuit on appeal no. 07-1262, counsel shall jointly contact the Court to request a teleconference for the purpose of preparing an amended scheduling order in this case.

_____
Joseph J. Farnan, Jr.
United States District Judge

**CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, Esq., hereby certify that on August 28, 2007 copies of the foregoing **DEFENDANTS' MOTION TO STAY THIS ACTION** were caused to be served upon the following:

**BY HAND DELIVERY**

>Jack Blumenfeld, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899

**BY FACSIMILE AND FEDERAL EXPRESS**

>Keith J. McWha, Esquire
>Morgan & Finnegan
>3 World Financial Center
>New York, New York 10281-2101

>/s/ Francis DiGiovanni
>Francis DiGiovanni (#3189)