IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-77 (JJF) |
| ) | |
| FIBERWEB SIMPSONVILLE INC. and ) | |
| FIBERWEB, INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
RENEWED MOTION TO STAY THIS ACTION**

Plaintiff, Baldwin Graphic Systems ("Baldwin") opposes Defendants, Fiberweb Simpsonville, Inc. and Fiberweb, Inc.'s (collectively "Fiberweb"), renewed motion to stay this action. Fiberweb has asked that the Court remove the condition, put in place during the motion hearing on July 13, 2007, that a stay would only be entered if Fiberweb obtained a stay in its parallel United Kingdom action (Tr. 7/13/07 Hearing Tr. p. 10; July 19, 2007 Order (D.I. 54)), on the ground that Baldwin "has rejected" the condition and "frustrated" its efforts to obtain a stay (D.I. 55 at 1-2). Fiberweb is mistaken, however, in suggesting that Baldwin was required to approve the U.K. stay -- in fact, Baldwin made it clear during the motion hearing that it wanted both the U.S. and U.K. actions to go forward and has always opposed the entry of a stay in both the U.S. and U.K. proceedings. (Tr. 7/13/07 Hearing pp.7-9). Therefore, Fiberweb's motion should be denied.

Fiberweb recognizes that it bore the burden of seeking a stay a stay in the U.K. (Tr. 7/13/07 Hearing pp. 11-12), but argues that it has "done what it could" and it could not proceed alone without risking sanctions (D.I. 55 at 2). Notably, Fiberweb offers no U.K. authority to support its position that a unilateral application for a stay of the U.K. proceedings

would necessarily have been sanctionable. It also makes no mention of any attempt to meet and confer on this issue with Baldwin's independent U.K. counsel or to advocate any grounds for a stay of the U.K. proceedings under English law. Ultimately, Fiberweb never filed a motion to stay in the U.K. court and hardly exhausted any available avenues to obtain that relief.

Although Fiberweb accuses Baldwin of delay, it was Fiberweb that failed to return to this Court when it encountered difficulty in obtaining a U.K. stay.[1] Fiberweb's counsel stated at the July 13 hearing that "we may need to come back and explain that, what the circumstances are or what the procedures are associated with seeking a stay in the U.K.," but it never did, prior to filing this motion (Tr. 7/13/07 Hearing Tr. p 11). If it was in fact necessary for Fiberweb to obtain Baldwin's consent before moving for a stay in the U.K., then Fiberweb's failure to inform the Court of that alleged necessity would violate at least the spirit of this Court's order.

Furthermore, Fiberweb's implication that it would have been able to obtain a U.K. stay if Baldwin had not "delayed and ultimately rebuked" its efforts, ignores the fact that it was hardly in Baldwin's interest to delay -- Baldwin has opposed a stay in either of the two forums (Tr. 7/13/07 Hearing pp.7-9). Rather, it has been in Fiberweb's interest all along to delay the proceedings here.

---

[1] Fiberweb had no guarantee that the U.K. court would have granted such an application. As Fiberweb has indicated, under U.K. procedures, the court actively manages cases to ensure they proceed quickly, efficiently and use court resources appropriately (Halford-Harrison Declaration p. 1). As the Halford-Harrison Declaration recognizes, the granting of a stay is an exercise of the U.K. court's discretion and must be supported by reasonable grounds in fact or law. The U.K. court may have determined that other objectives such as having the case proceed quickly and efficiently, or the appropriate use of the court's resources, were of overriding concern, and rejected the parties' request for a stay.

As Baldwin argued in opposing Fiberweb's original motion to stay, the grant of a stay in the U.S. would give Fiberweb a tactical business advantage over Baldwin by allowing it to continue and expand its U.S. manufacture of infringing products for worldwide sale, while forcing Baldwin to chase Fiberweb all over the world and seek protection of Baldwin's interests in foreign forums. The source of the infringing product is here in the U.S., and Baldwin has chosen this forum to fight and protect its interests both here and abroad.

## CONCLUSION

This Court's July 19, 2007 Order called for the entry of a stay of the U.K. proceedings as a condition for a stay of the U.S. action. There was no notice of or condition regarding Fiberweb's or Baldwin's best efforts or cooperation in doing so. Fiberweb had no guarantee that a stay would be entered in the U.K. action, or that it would be able to fulfill the condition imposed by this Court's July 19, 2007 order (D.I. 54). Fiberweb has not obtained a stay of the U.K. action, and therefore Fiberweb's renewed motion to stay should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
  *Attorneys for Plaintiff,*
  *Baldwin Graphic Systems, Inc.*

OF COUNSEL:

James W. Gould
Keith J . McWha
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, NY  10281-2101
(212) 415-8700

September 17, 2007
1235751

## CERTIFICATE OF SERVICE

I, Julia Heaney, hereby certify that on September 17, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Francis DiGiovanni
> CONNOLLY BOVE LODGE & HUTZ, LLP

I also certify that copies were caused to be served on September 17, 2007 upon the following in the manner indicated:

### BY EMAIL AND HAND

Francis DiGiovanni
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE  19899-2207

### BY EMAIL

Michael E. Zeliger
Christopher Centurelli
KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111-2950

*/s/ Julia Heaney (#3052)*
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jheaney@mnat.com