IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIBERWEB SIMPSONVILLE, INC. and FIBERWEB, INC., <br><br> Defendants. | **REDACTED VERSION** <br><br> Civil Action No. 06-077-JJF |

## DECLARATION OF JON HOWEY IN SUPPORT OF FIBERWEB'S OPPOSITION TO PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW AND TO COMPEL PRODUCTION OF DOCUMENTS

I, Jon Howey, do hereby state, upon personal knowledge, under the pains and penalties of perjury the following:

1. For the relevant time periods, I was either a principal scientist or developmental fellow at Fiberweb with responsibility for the development of the ELIXIR® and ELIXIR® SF products.

2. I have reviewed document 80 bearing production number FW005005 to 005007 in unredacted form.

3. I am the author of the redacted portion of the document 80.

4. Document 80 is a three page research and technology monthly report dated November 2006.

5. This document was circulated to Kevin Dill, Jim Briggs and Dan Cronin who were Fiberweb's management in the graphic arts division, which encompasses the ELIXIR® product.

BOS-1155904 v2

6. I have reviewed document 86 bearing production number FW027459 in unredacted form.

7. Document 86 is an e-mail from me to Bruno Cometa dated January 25, 2006.

8. At the time I sent this e-mail, Bruno Cometa was responsible for R&D at the Tenotex manufacturing facility.

9. At the time I sent this e-mail, the Tenotex manufacturing facility was an affiliated corporation of Fiberweb with a common parent corporation.

10. Nicola Maglia, James Briggs, Kevin Dill, Roy Howard, Michael Baumgartner, Mimoun Saim, and Marina Nova were copied on this e-mail.

11. In 2006, Nicola Maglia was a European technical development person at Fiberweb.

12. In 2006, James Briggs was the sales director in charge the ELIXIR® product.

13. In 2006, Kevin Dill was product director for the ELIXIR® product at Fiberweb.

14. In 2006, Roy Howard was a European sales manager at Fiberweb.

15. In 2006, Michael Baumgartner was a European sales director at Fiberweb.

16. At the time I sent this e-mail, Mimoun Saim was the plant manager at the Tenotex facility in Spain.

17. At the time I sent this e-mail, Marina Nova was a market manager at Tenotex.

18. I have reviewed document 94 bearing production number FW027457 in unredacted form.

19. Document 94 is an e-mail from myself to Nicola Maglia dated September 13, 2006.

20. This e-mail document 94 is part of an e-mail string that e-mail document 86 was a part of.

21. The same people that were copied in email document 86 were copied on this email as well.

22. I have reviewed document 96 bearing production number FW027082 in unredacted form.

23. Document 96 is an email by me to Jean-Claude Abed dated November 16, 2006.

24. In 2006, Jean-Claude Abed was a European market manager at Fiberweb.

25. I have reviewed document 110 bearing production number FW023647 in unredacted form.

26. Document 110 is an e-mail from James Briggs to Derek Anderson and Ed Thomas dated November 29, 2006.

27. In 2006, Derek Anderson was the president of the North American Industrial Division at Fiberweb.

28. In 2006, Ed Thomas was vice president of research and development at Fiberweb.

29. Kevin Dill, Jean-Claude Abed, Michael Baumgartner and I were copied on this e-mail.

30. I have reviewed document 114 bearing production number FW006636 in unredacted form.

31. Document 114 is an e-mail from Kevin Dill to Michael Baumgartner and Jean-Claude Abed dated November 28, 2006.

32. Copied on the e-mail were James Briggs, Roy Howard, and myself.

33. Documents 80, 86, 94, 96, 110, and 114 all discuss

**REDACTED**

34. Although I cannot pinpoint exactly when I discussed

**REDACTED**

35. The redacted portions of documents 80, 86, 94, 96, 110, and 114 discuss the

36.  **REDACTED**

37. The people copied on the e-mails above were people within Fiberweb and Tenotex who I thought needed to know the details of the project to make the project succeed.

38. In particular, I sought the help of James Briggs and Kevin Dill.

39. In redacted portions of document 110, Mr. Briggs explains to Derek Anderson and Ed Thomas the  **REDACTED**

40. In the redacted portion of document 114, Mr. Dill explains to Michael Baumgartner and Jean-Claude Abed the  **REDACTED**

41. From my perspective all information about the research and development of the Elixir SF or Elixir sheet fed product was and still is highly confidential to Fiberweb and to the best of my knowledge only Fiberweb employees have had access to such information.

42. I have reviewed document 81 bearing production number FW005132 in unredacted form.

43. I am the author of the redacted portion of the document 81.

44. Document 81 is budgeting charting for trials or projects scheduled to be performed.

45. Prior to the creation of this document, I was instructed by outside counsel, Michael Zeliger and/or Jackson Ho, to take certain measurements of the ELIXIR® product.

46. I understood that outside counsels' instructions was made in connection to providing legal assistance to Fiberweb in this litigation.

47. The redacted portion of document 81 is outside counsels' instruction to me on where to take the measurement in the ELIXIR® fabric manufacturing process.

48. I have reviewed document 98 bearing production number FW028493 in unredacted form.

49. Document 98 is an email written by me to Jim O'Connor dated October 27, 2006.

50. At the time I wrote this email, Jim O'Connor was the quality manager or plant manager at the Gray Court, SC Fiberweb facility.

51. Kevin Dill, James Briggs, Ed Thomas, Tom Taylor, and Jimmy Nicholson were copied on the email.

52. At the time I wrote this email, Tom Taylor was a Process Engineering Leader at the Gray Court facility which manufactures the fabric used in the ELIXIR® product.

53. At the time I wrote this email, Jimmy Nicholson was a Senior Development Specialist at Fiberweb.

54. In the redacted portions of document 98, I discuss my plans to carry out outside counsels' measurements at the Gray Court facility.

55. The people copied on the email were either my superiors at Fiberweb or persons I felt could assist me or provide input concerning my plans to carry out outside counsels' instructions.

56. From my perspective all information about an internal trial or project at our manufacturing plant would have been considered confidential to everyone involved in the project. I have no reason to believe that such confidential information was disseminated outside of Fiberweb. To the best of my knowledge only Fiberweb employees have had access to such information.

57. I have reviewed document 133 bearing production number FW028864 to 028865 in unredacted form.

58. Document 133 is an email to myself dated July 26, 2006 with an attachment.

59. The attachment contains some calculations I did.

60. Prior to this email, Jackson Ho, outside counsel to Fiberweb, had requested that I perform certain calculations regarding the ELIXIR® product.

61. I understood that Mr. Ho's request was in connection to providing legal assistance to Fiberweb in this litigation.

62. The attachment reflects some preliminary calculations that I performed at Mr. Ho's request.

63. The final version of these calculations was communicated to Jackson Ho in a different later e-mail.

64. I have never communicated these calculations to anyone other than outside counsel and Fiberweb management.

Dated: January 9, 2008

*Jon Howey*
Jon Howey

## CERTIFICATE OF SERVICE

I, Francis DiGiovanni, hereby certify that on January 9, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack Blumenfeld, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on this same date I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by Federal Express and e-mail on the following counsel of record:

> Keith J. McWha, Esquire
> James W. Gould, Esquire
> Morgan & Finnegan
> 3 World Financial Center
> New York, NY 10281-2101

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)