IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BALDWIN GRAPHIC SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FIBERWEB SIMPSONVILLE, INC. and FIBERWEB, INC.,<br><br>    Defendants. | Civil Action No. 06-077-JJF |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF LODGING**

Defendants Fiberweb Simpsonville, Inc and Fiberweb, Inc ("Fiberweb") hereby object to plaintiff Baldwin Graphic Systems, Inc.'s Notice of Lodging filed February 5, 2008 (D.I. 93).

Through its filing of D.I. 93, plaintiff attempts to submit to the Court a proposed claim construction chart ("the chart") that is neither of record nor a summary of arguments or filings of record. Indeed, majority of the proposed constructions in the chart were not presented in plaintiff's briefs nor argued during the February 5, 2008 Markman hearing. For example, the chart indicates that "means for introducing said solvent" should be construed as "includes all disclosures in specification"—a construction never before proposed and unsupportable in the law. The document thus violates Local Rule 7.1.2(b), which prohibits the filing of papers after briefing has been completed. *See* D. Del. LR 7.1.2(b) ("Except for the citation of subsequent authorities, no additional paper shall be filed absent Court approval.")

We further note that the chart inaccurately characterizes the Federal Circuit opinion in the *Baldwin Graphics Systems, Inc. v. Siebert, Inc.* case. *See* D.I. 91, Exhibit 1. In particular, the Federal Circuit never construed the terms "intimate contact" and "contact" as Plaintiff's chart

- 2 -

suggests, instead the quoted language was one part of the Federal Circuit's reasoning for not limiting the Reissue patent to a single roll.  Also, in quoting the Federal Circuit's supposed construction for the terms "intimate contact" and "contact," Plaintiff misquotes the Federal Circuit opinion by leaving out the critical word "intimate."  D.I. 92, Slip op. at *9. ("This description contains no requirement, implicit or explicit, that the plastic sleeve must be in *intimate* contact with the entire fabric roll.  For these reasons, 'a pre-soaked fabric roll' as used in claim 32 of the Reissue patent is not limited to a single roll") (emphasis added).

Accordingly, Fiberweb objects to the plaintiff's filing of D.I. 93.

Date: February 6, 2008

Respectfully submitted,

**CONNOLLY BOVE LODGE & HUTZ LLP**

/s/ *Francis DiGiovanni*
Francis DiGiovanni (#3189)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, Delaware 19899-2207
Telephone:  302-888-6316
Facsimile:  302-658-5614
fdigiovanni@cblh.com

Of Counsel:

Michael E. Zeliger
Christopher Centurelli
Jackson Ho
**KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP**
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Telephone:  (617) 261-3100

**CERTIFICATE OF SERVICE**

I, Francis DiGiovanni, hereby certify that on February 6, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris, Nichols, Arsht & Tunnell
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899

I further certify that on this same date I caused a copy of the foregoing document to be served by hand delivery and e-mail on the above-listed counsel of record, and by Federal Express and e-mail on the following counsel of record:

>Keith J. McWha, Esquire
>James W. Gould, Esquire
>Morgan & Finnegan
>3 World Financial Center
>New York, NY  10281-2101

>/s/ Francis DiGiovanni
>Francis DiGiovanni (#3189)